UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WESTLEY JOHNSON,

    Plaintiff,

v.

    Case No. 4:19-cv-11268
    District Judge Matthew F. Leitman
    Magistrate Judge Anthony P. Patti

COLIN LALONDE

    Defendant.
_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (DE 18)

This matter is before the Court for consideration of Plaintiff Westley Johnson's motion for appointment of counsel. (DE 18.) For the reasons that follow, Plaintiff's motion is **DENIED WITHOUT PREJUDICE.**

**I.    Background**

Plaintiff Westley Johnson, a state inmate who is proceeding without the assistance of counsel, filed this action on April 30, 2019, along with an application to proceed *in forma pauperis*, naming Colin Lalonde as the sole defendant. (DEs 1, 2.) The Court granted Plaintiff's application on May 14, 2019, directed Plaintiff to complete the service documents and ordered the U.S. Marshals Service to serve the appropriate papers on Defendant without prepayment of costs. (DEs 3, 4.)

Defendant Lalonde has been served and answered Plaintiff's complaint. (DEs 14, 17.)

Plaintiff filed this motion for appointment of counsel on August 19, 2019. (DE 18.) In his motion, he asks the Court to appoint an attorney in this civil matter because of his "serious mental health issues," his lack of money and legal experience or assistance with this case, and his limited education. (*Id.*) He also asserts that he has been appointed counsel in two prior cases, *Johnson v. Payton*, Case No. 2:13-cv-11437 and *Johnson v. Johnson*, 2:14-cv-14171. (*Id.*)[1] This matter has been referred to me for all pretrial proceedings. (DE 9.)

## II. Analysis

As a preliminary matter, although Plaintiff styles his motion as one for appointment of counsel, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court ***may request*** an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's

---

[1] The Court notes that, in the former of these two cases, a subsequent motion for appointment of counsel was denied by Judge Friedman, who wrote that: "The motions for appointment of counsel are denied because the Court previously appointed counsel and those attorneys withdrew without any objection from plaintiff. Such resources are limited, and plaintiff squandered them." (DE 119 therein.)

case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to **recruit counsel** under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases.").

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel…. The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004).[2] Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should

---

[2] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915 the Court may only request that an attorney represent an indigent plaintiff.

3

consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

Applying the foregoing authority, Plaintiff has not described circumstances sufficiently exceptional to justify a request for recruitment of counsel. First, it is very early in the case and the claims in Plaintiff's complaint do not appear to be particularly complex and are ably described by Plaintiff. While Plaintiff claims his "serious mental health issues" interfere with his ability to proceed without counsel, his complaint illustrates his ability to articulate his claims and adequately communicate his requests to the Court in a coherent manner, and the instant motion is clear in outlining his reasons for requesting the appointment of counsel. (DEs 1, 18.) Further, despite Plaintiff's claims that he is a "paranoid schizophrenic" and that his judgment and behavior are significantly impaired, a diagnosis of a paranoid schizophrenic disorder alone does not automatically entitle a plaintiff to an appointment of counsel. In fact, the medical record Plaintiff attached to his motion reports that, on examination, Plaintiff had unremarkable behavior, appropriate speech and affect, intact memory, average intellect, cooperative and hopeful attitude, gained and maintained attention, logical thought

4

processes, unremarkable thought content, and fair reasoning, impulse control, judgment and insight. (DE 18 at 5.)

Plaintiff also contends that he is unable to afford counsel and that his imprisonment limits his ability to litigate. (DE 18.) Such factors would apply to nearly every *pro se* prisoner proceeding *in forma pauperis*, and do not constitute exceptional circumstances. Most non-lawyers have only limited knowledge of the law. Finally, there is no indication that Plaintiff will be deprived of his physical liberty over and above his current sentence, if he loses this civil case.

Accordingly, at this time, Plaintiff's motion to appoint counsel (DE 18) is **DENIED WITHOUT PREJUDICE.** Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives dispositive motion practice, proceeds to trial, or if other circumstances demonstrate such a need in the future. Plaintiff is further advised that there is a federal *pro se* legal assistance clinic operated in the Courthouse by the University of Detroit-Mercy Law School. To determine if he is eligible for assistance, he may contact the Federal *Pro Se* Legal Assistance Clinic at (313) 234-2690 or at proseclinic@udmercy.edu.

**IT IS SO ORDERED.**

Dated: September 3, 2019     s/*Anthony P. Patti*
                             Anthony P. Patti
                             UNITED STATES MAGISTRATE JUDGE

## **Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on September 3, 2019, electronically and/or by U.S. Mail.

                                        s/Michael Williams
                                        Case Manager for the
                                        Honorable Anthony P. Patti